UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:16-mj-562-NJK |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| RANDY LEE WREN, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Currently before the Court are the United States' and Defendant's supplemental briefs regarding whether Defendant is entitled to a detention hearing in this district. Docket Nos. 10, 14. Defendant was arrested in the Eastern District of California on August 11, 2016, pursuant to a warrant issued from the complaint in the instant case, filed in this district on the same day. *See also* Case No. 1:16-mj-99-SKO (E.D. Cal.), Docket No.1. On August 15, 2016, United States Magistrate Judge Barbara A. McAullife held a detention hearing. Case No. 2:16-mj-562-NJK (D. Nev.), Docket No. 10 at 2; *id.*, Docket No. 14 at 2.[1] Judge McAuliffe ordered Defendant detained and committed to the District of Nevada. Docket No. 5, Exhibits A, B. At Defendant's

---

[1] Hereinafter, all references to the docket refer to the District of Nevada case.

initial appearance in this district, Defendant sought a second detention hearing. Docket No. 7. The Court requested supplemental briefing as to whether Defendant is entitled to a detention hearing in this district. *Id.* Both parties appear to agree that Defendant received a full detention hearing in the Eastern District of California. *See* Docket Nos. 10, 14. The Court has also reviewed a recording of the hearing, Docket No. 15, and finds that it was a full hearing.

Defendant cites *United States v. Savader*, 944 F. Supp. 2d 209 (E.D.N.Y. 2013), for the proposition that he is entitled to a second detention hearing in this district. Docket No. 14 at 3-4. The primary issue before the *Savader* court, however, was whether the defendant was entitled to a detention hearing in the district of arrest, not whether he was entitled to two full hearings in two districts. *Savader*, 944 F. Supp. 2d at 211. Defendant also references *United States v. Melendez-Carrion*, 790 F.2d 984 (2d Cir. 1986). Docket No. 14 at 4. As in *Savader*, the issues before the *Melendez-Carrion* court did not include whether the defendant was entitled to more than one detention hearing in more than one district. *See Melendez-Carrion,* 790 F.2d at 988-1005.

The United States submits that the Bail Reform Act of 1984 provides two avenues for reconsideration of a fully adjudicated detention order: (1) reconsideration of the detention order by the same judicial officer who entered the initial order upon a showing of material information not known to the movant at the time of the hearing; or (2) a motion for revocation filed with the court having original jurisdiction over the offense. *See* Docket No. 10 at 4 (citing 18 U.S.C. §§ 3142(f), 3145(b)). Thus, the United States asserts, a second detention hearing simply is not an option.

The Court agrees with the United States. Neither *Savader* nor *Melendez-Carrion* is relevant to the issue before the Court. Neither case lends even implicit support to Defendant's request. Moreover, as the United States notes, the Bail Reform Act of 1984 provides two clear avenues for reconsideration of a fully adjudicated detention order, which do not include a second

detention hearing.[2]

Accordingly, Defendant's request for a second detention hearing is **DENIED**.

IT IS SO ORDERED.

DATED: September 29, 2016

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

---

[2] 18 U.S.C. § 3142(f) provides, in relevant part:
The judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . The hearing may be reopened if, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.
18 U.S.C. § 3145(b) provides, in relevant part:
If a person is ordered detained by a magistrate judge, or by a person other than a judge of the court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.